IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THEODORE FLOYD LEVEE, § <br> Petitioner, § <br> § <br> V. § <br> § <br> SHARI BRITTON, Chief of Probation § <br> and Parole Field Services and Interstate § <br> Compact, Florida Department of § <br> Corrections, and § <br> LEIGHTON ILES, Director of § <br> Community Supervision and Corrections § <br> Department of Tarrant County, Texas, § <br> Respondents. § | Civil Action No. 4:13-CV-211-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Theodore Floyd Levee is a state court probationer currently being supervised in the State of Florida.

Respondents are Shari Britton, Chief of Probation and Parole Field Services and Interstate Compact, Florida Department of Corrections, and Leighton Iles, Director of Community Supervision and Corrections Department of Tarrant County, Texas.

### C. Factual and Procedural History

In May 2011 petitioner was indicted for aggravated assault causing serious bodily injury in Tarrant County, Texas, Case No. 1239907R. (App. to Resp't Prel. Resp. at 4) On October 14, 2011, following a bench trial, petitioner was convicted and then entered into a plea bargain agreement with the state, whereby he agreed to plead guilty and waive his right to appeal in exchange for a probated 10-year sentence, a plea-in-bar in Case No. 1196215 for violating a protective order,[1] and a $1000 fine. (*Id.* at 4 & 22; App. to Resp't Reply at 261-271) Petitioner did not pursue a direct appeal. On April 11, 2012, petitioner filed a state habeas application, raising one or more of the claims raised herein, under Texas Code of Criminal Procedure article 11.072, entitled "Procedure in Community Supervision Case," which the trial court denied on July 5, 2012. (App. to Resp't Mtn to Supp. at 1-6) Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Petitioner did not appeal the denial. *Id.* art. 11.072, § 8. Petitioner filed this federal petition on February 12, 2013, in the Southern District of Florida, Miami Division, and it was subsequently transferred to this court.

### D. Issues

In five grounds, petitioner claims (1) he was denied due process, (2) he received ineffective assistance of counsel, (3) the state engaged in prosecutorial misconduct, (4) the trial court abused its discretion, (5) and the evidence was insufficient. (Pet. at 6-11 & Attach. at 2-11)

---

[1] The record relfects the state also agreed to dismiss a second violation of a protective order in Case No. 1201875. (Resp't Reply, App. at 265)

E. EXHAUSTION OF STATE COURT REMEDIES

Respondent asserts the petition should be dismissed without prejudice on exhaustion grounds because petitioner did not appeal the trial court's denial of habeas relief. (Resp't Reply at 5-7) A state prisoner must exhaust all available state court remedies before he can obtain federal habeas corpus relief, unless there is no state corrective process or circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Section 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). In Texas, the Texas Court of Criminal Appeals is the highest criminal court in the state. *Richardson*, 762 F.2d at 431. A habeas corpus petitioner who

3

has been granted community supervision may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the state trial court in an application for a writ of habeas corpus under article 11.072. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8. In the event the state district court denies the habeas petition, the petitioner has a right to appeal to the Texas appellate courts and to petition the Texas Court of Criminal Appeals for discretionary review. *Ex parte Villanueva,* 252 S.W.3d 391, 395-96 (Tex. Crim. App. 2008) (discussing filing, disposition and appeals of article 11.072 writs).

In the present case, to the extent petitioner raises new claims for the first time in this federal petition, the claims are clearly unexhausted. And, to the extent petitioner raises claims that were raised in his state habeas application, he failed to exhaust state court remedies available to him by not using the procedure provided in article 11.072 to appeal the trial court's order denying state habeas relief.[2] Because there has been no fair presentation of those claims to the Texas Court of Criminal Appeals, the claims are unexhausted.

Under article 11.072 § 9, petitioner would likely be barred by application of the abuse of the writ rule by any successive effort to exhaust state court remedies. Tex. Code Crim. Proc. Ann. art. 11.072, § 9. As a result, these claims are barred from consideration by this court under the procedural default doctrine. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

---

[2]Petitioner was apparently under the impression that he was not allowed to appeal the trial court's denial. (Pet. at 7)

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.,* that the petitioner is actually innocent of the crime. 28 U.S.C. § 2254(b)(1)(B); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). A petitioner demonstrates cause by showing that his efforts to comply with the state's procedural rules were hampered by "some objective factor external to the defense." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). On the other hand, a "fundamental miscarriage" implies that a constitutional violation probably caused the conviction of an innocent person. *McCleskey v. Zant,* 499 U.S. 467, 502 (1991).

Petitioner did not reply to respondent's answer or give any explanation to excuse his default, other than his bald assertions that he was denied due process, and he acknowledges in his petition that his grounds for relief have not been presented to the highest court of the state. (Pet. at 6-13) Nor has petitioner demonstrated that failure to consider his claims will result in a miscarriage of justice, *i.e.,* that he is innocent of the crime for which he was charged and convicted. Accordingly, petitioner's claims are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750-51. Under these circumstances, the proper action is to dismiss the petition with prejudice. *Horsley v. Johnson*, 197 F.3d 134, 137-38 (5th Cir. 1999); *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998), *cert. denied,* 528 U.S. 895 (1999).

## II. RECOMMENDATION

It is therefore recommended that the petition be DISMISSED with prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until __December 5__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until ~~November~~ __December 5__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __14__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE