IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THEODORE FLOYD LEVEE,        §
    Petitioner,              §
                      §
VS.                         §    CIVIL ACTION NO.4:13-CV-211-Y
                      §
SHARI BRITTON, Chief of     §
Probation and Parole Field  §
Services and Interstate Compact,§
Florida Department of       §
Corrections, and            §
LEIGHTON ILES, Director of  §
Community Supervision and   §
Corrections Department of   §
Tarrant County, Texas,      §
    Respondents              §

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of Court)

In this action brought by petitioner Theodore Floyd Levee under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.    The pleadings and record;

2.    The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 14, 2013; and

3.    The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 1, 2014.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petitioner for

---

[1]On January 1, 2014, petitioner Levee, who is presently serving a probated sentence on supervision in Florida, electronically filed a 97-page document entitled "Answer Brief of Petitioner to Respondent's Reply to Petitioner's Writ." After review and consideration, the Court will construe the document as written objections to the magistrate judge's November 14, 2013 report. The clerk of Court should note this on the docket.  The Court had provided Levee an extension of time until December 31, 2013 to file written objections.  Although Levee did not timely file the document on or before December 31, because he filed it electronically on January 1, the Court will review the written objections as if they were timely.

writ of habeas corpus under 28 U.S.C. § 2254 must be dismissed with prejudice as procedurally barred from this Court's review, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

The document considered in Levee's favor as written objections consists of 97 pages of materials, inclusive of  arguments, affidavits from a divorce proceeding, and statements of persons observant of petitioner Levee during the underlying trial proceeding in the 432nd Judicial District Court of Tarrant County, Texas. The only pages directly responsive to the magistrate judge's findings that Levee's claims are now procedurally barred from this Court's review are ECF scanned pages 8-9, and 60-80.

As noted by the magistrate judge, Levee failed to exhaust his state court remedies, and would now likely be barred by application of the abuse of the writ doctrine from any successive effort to exhaust state court remedies. Tex. Code. Crim. Proc. Ann. Art. 11.072, § 9(a). As such, the claims are barred from consideration under the procedural default doctrine unless petitioner Levee shows (1) cause for the default and actual prejudice, or that this Court's failure to consider his claims will result in a fundamental miscarriage of justice. *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Finley v. Johnson,* 243 F.3d 215, 219-20 (5th Cir. 2001)("the fundamental miscarriage of justice exception [to the procedural default rule] is limited to cases where the petitioner can make a persuasive

2

showing that he is actually innocent of the charges against him").

Levee does not argue that the failure to consider his claims will be a miscarriage of justice. Levee does argue that he has met the cause and prejudice standard due to attorney error, in failing to file an intermediate appeal from the denial of his state application for writ of habeas corpus, and for failing to notify him of this intermediate appeal procedure. In *Trevino v. Thaler,* 133 S.Ct. 1911 (2013), the Supreme Court held, in a case arising from a § 2254 proceeding after Texas state collateral proceedings, that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 133 S. Ct. at 1921 (citing *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012). Most recently, the Fifth Circuit applied *Trevino* as follows:

> To succeed in establishing cause to excuse the procedural default of his ineffective assistance of trial counsel claims, [petitioner] must show that (1) his underlying claims of ineffective assistance of counsel are "substantial," meaning that he must demonstrate that the claims have some merit, and (2) his initial state habeas counsel was ineffective in failing to present those claims in his first state habeas application.

*Pryor v. Stephens,* ___ F. App'x ___, 2013 WL 3830160 at *8 (5th Cir. July 25, 2013)(internal citations and punctuation marks omitted). Applying this recent law to Levee's claims and procedural history, even if he relied upon counsel in failing to perfect an intermediate appeal of the denial of his state writ application, he has not shown that his underlying claims of ineffective assistance of counsel have some merit. In this regard, the Court concludes that none of Levee's ineffective assistance claims have arguable merit

for the reasons stated in the respondent's August 23, 2013 answer at pages 11-15.

Furthermore, a petitioner must also show actual prejudice. *Hernandez v. Stephens,* ___ F. App'x ___, 2013 WL 3957796 at *9 (5th Cir. Aug. 2, 2013).  In order to show actual prejudice, a petitioner "must establish not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* disadvantage, infecting his entire trial with error of constitutional dimensions." *Moore v. Quarterman,* 534 F.3d 454, 463 (5th Cir. 2009)(citations omitted)(emphasis in original). Again, for the reasons enunciated in the respondent's August 23, 2013 answer at pages 9-29, the Court concludes that Levee has not shown that the alleged claims/errors made the basis of this petition worked to his actual disadvantage by infecting his entire trial with error of constitutional dimension.

In sum, The Court concludes that Levee has not made a sufficient showing to establish cause and actual prejudice to overcome the procedural default. Levee's objections are overruled.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Theodore Floyd Levee's  petition for writ of habeas corpus is DISMISSED with prejudice.

### *Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is

issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Levee has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the November 14, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated herein.[6]

---

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

[6] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

Therefore, a certificate of appealability should not issue.

SIGNED January 14, 2014.

_Terry R. Means_

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE